Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Sean N. Payne, Esq.
Nevada Bar No. 13216
PAYNE LAW FIRM LLC
9550 S. Eastern Ave., Suite 253-A213
Las Vegas, NV 89123
Phone: (702) 952-2733
FAX: (702) 462-7227
Email: seanpayne@spaynelaw.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LOUIS A. CARDINALI, and all similarly situated individuals,<br><br>Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 2:16-cv-2046-JAD-NJK<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[First Request]** |

Pursuant to LR 6-1 and LR 26-4, Plaintiff Louis A. Cardinali ("Plaintiff") and Experian Information Solutions, Inc. ("Experian"), by and through their respective counsel of record, hereby stipulate and request that this Court extend the case deadlines in the above-captioned case one hundred and twenty (120) days. In support of this Stipulation, the parties state as follows:

A. **DISCOVERY COMPLETED TO DATE**

Presently, the active parties to this case are Plaintiff and Experian Information Solutions, Inc. ("Experian"), and as such, the recitation of discovery shall be with respect to Plaintiff and Experian.

1. Plaintiff filed his initial complaint on 8/29/2016. ECF Dkt. 1.
2. Experian answered the complaint on 10/3/2016. ECF Dkt. 16.
3. The Court entered its initial scheduling order on 12/9/2016. ECF Dkt. 31.
4. Plaintiff moved for leave to amend his Complaint on 1/3/2017. ECF Dkt. 34.
5. The Court entered its protective order on 1/4/2017. ECF Dkt. 35.
6. The Court granted Plaintiff's motion for leave to amend his complaint on 4/19/2017. ECF Dkt. 56 (minutes).
7. Plaintiff filed his First Amended Complaint on 4/19/2017. ECF Dkt. 57.
8. Experian answered the First Amended Complaint on 4/28/17. ECF Dkt. 58.
9. The Court granted the parties' stipulated Amended Scheduling Order on 10/13/2017. ECF Dkt. 67.
10. On October 25, 2017, Experian propounded its first set of Requests for Production of Documents, Requests for Admission, and Interrogatories on Plaintiff.
11. On November 9, 2017, Plaintiff propounded his first set of Requests for Production of Documents, Requests for Admission, and Interrogatories on Experian.
12. On November 23, 2017, Plaintiff responded to Experian's first set of Requests for Production of Documents, Requests for Admission, and Interrogatories.
13. On December 11, 2017, Experian responded to Plaintiff's first set of Requests for Production of Documents, Requests for Admission, and Interrogatories.

14. On December 12, 2017, Experian sent Plaintiff a 26-7 letter outlining various concerns about Experian's written discovery responses.

15. On December 28, 2017, Plaintiff sent Experian a 26-7 letter outlining various concerns about Experian's written discovery responses.

16. On January 8, 2017, the parties met and conferred for approximately four hours regarding their respective 26-7 letters, and reached numerous final and tentative agreements to supplement their requests.

**B.** **Specific Description of Discovery that Remains to be Completed**

1. Plaintiff and Experian's respective supplementation of their written discovery responses, pursuant to the January 8, 2017 meet-and-confer;
2. Depositions of Plaintiff and Experian's 30(b)(6) witness;
3. As applicable, disclosures of Plaintiff and Experian's experts and rebuttal experts;
4. As applicable, depositions of Plaintiff and Experian's experts and rebuttal experts;
5. Any additional necessary depositions; and
6. Any additional necessary written discovery.

**C.** **Reasons Why the Remaining Discovery Was Not Completed**

The parties aver, pursuant to LR 6-1, that good cause exists for the requested extensions. After Plaintiff filed his amended complaint, which contained new putative class allegations, Plaintiff propounded far-reaching and complex class-based discovery on Experian. During the parties' lengthy 26-7 conference on January 8, 2017, and in subsequent informal communications, the parties made and continue to make progress in attempting to structure class-wide discovery in a manner which is both adequate and cost-effective. Specifically, Experian has proposed initially limiting its inquiry into Plaintiff's class claims to a series of discrete internal update codes from its internal production which are related to Plaintiff's consumer dispute, and Plaintiff has expressed a willingness to agree to use any return from such an initial search sample in order to demonstrate that the Class is ascertainable and sufficiently numerous for certification purposes. Additional written discovery may be necessary to further define the scope of the Class from Experian's internal

3

systems, which can be accomplished after Experian provides the results of its initial return. However, until such discovery is completed or reaches an impasse, disclosure of technical experts, the reports of such experts, and expert depositions is premature and will likely require supplementation and re-deposition. Instead, the parties agree that written discovery into Experian's internal systems and identification of the number of Class members should precede inquiry into expert-related matters. Therefore, granting the stipulation will facilitate the parties' good-faith discussions and provide sufficient time to complete this discovery while minimizing the necessity of seeking court involvement. Therefore, the parties also request that the Court extend the initial and rebuttal expert disclosure dates conterminous with the requested discovery extension.

For all of these reasons, the parties request that the Court grant this request for an extension of time.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

D. **Proposed Discovery Deadlines**

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Close of Discovery | April 10, 2018 | August 8, 2018 |
| Deadline to Disclose Initial Experts | February 9, 2018 | June 11, 2018 (58 days prior to the close of discovery)[1] |
| Deadline to Disclose Rebuttal Experts | March 13, 2018 | July 11, 2018 (30 days after disclosure of initial experts) |
| Dispositive Motions | May 10, 2018 | September 7, 2018 (30 days after the close of discovery) |
| Motion for Class Certification | May 10, 2018 | September 7, 2018 (30 days after the close of discovery) |
| Pre-Trial Order | June 8, 2018 | October 8, 2018 (31 days after the dispositive motion deadline)[2] |

Dated this 16th day of January 2018.

/s/ *Miles N. Clark*
Matthew I. Knepper, Esq. (NBN 12796)
Miles N. Clark, Esq. (NBN 13848)
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129

David H. Krieger, Esq. (NBN 9086)
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123

Sean N. Payne, Esq. (NBN 13216)
PAYNE LAW FIRM LLC
9550 S. Eastern Ave., Suite 253-A213
Las Vegas, NV 89123

Thomas A. Zimmerman, Jr. (*Admitted Pro Hac Vice*)
Zimmerman Law Offices, P.C.
77 West Washington St., Suite 1220
Chicago, IL 60602

Mohammed O. Badwan (*Admitted Pro Hac Vice*)
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
*Attorneys for Plaintiff*

/s/ *Christopher A. Hall*
Adam W. Wiers (*Admitted Pro Hac Vice*)
Christopher A. Hall (*Admitted Pro Hac Vice*)
JONES DAY
77 W. Wacker Ave.
Chicago, IL 60601

Jennifer L Braster (NBN 9982)
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
*Attorneys for Defendant Experian Information Solutions, Inc.*

**ORDER**

**IT IS SO ORDERED**
Dated: January 16, 2018

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] June 9, 2018 is a Saturday.
[2] October 7, 2018 is a Sunday.