# EXHIBIT A

# DECLARATION OF MILES N. CLARK

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Sean N. Payne
Nevada Bar No. 13216
PAYNE LAW FIRM LLC
9550 S. Eastern Ave. Suite 253-A213
Las Vegas, NV 89123
702-952-2733
Fax: 702-462-7227
Email: seanpayne@spaynelaw.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Mohammed Omar Badwan
Sulaiman Law Group, Ltd.
2500 S Highland Ave Ste 200
Lombard, IL 60148
630-575-8180
Fax: 630-575-8181
Email: mbadwan@sulaimanlaw.com

Thomas A. Zimmerman , Jr.
77 W. Washington St., Ste 1220
Chicago, IL 60602
312-440-0020
Email: tom@attorneyzim.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LOUIS A. CARDINALI, and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>Defendant. | Case No. 2:16-cv-2046-JAD-NJK<br><br>**DECLARATION OF MILES N. CLARK IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL** |

I, Miles N. Clark, hereby state and declare as follows:

1. I am an attorney of law, duly licensed and admitted to practice law before the United States District court for the District of Nevada. I am a partner in the law firm of Knepper & Clark, LLC, which serves as co-counsel for Plaintiff Louis Cardinali ("Plaintiff"), Plaintiff in the matter of *Cardinali v. Experian Information Solutions, Inc.*, No. 16-cv-2046-JAD-NJK (D. Nev.) (the "Action").

2. I am over the age of 18. I have personal knowledge of the following facts, and I am competent to testify to the following facts upon my own personal knowledge.

3. I make this declaration in support of Plaintiff's Motion for Summary Judgment and Motion for Class Certification and Appointment of Counsel (collectively, "Motions").

4. Attached at **Exhibit 15** is a true and correct copy of excerpts of the 2015 Consumer Reporting Resource Guide ("CRRG"), which Experian produced that document to Plaintiff during the discovery phase of this matter.

5. Attached at **Exhibit 16** is a true and correct copy of Experian's Fair Credit Reporting Act (FCRA) Policy, which Experian disclosed in discovery in the Action.

6. Attached at **Exhibit 17** is a true and correct copy of Experian CIS Compliance Standards: FCRA Core, which Experian disclosed in discovery in the Action.

7. Attached at **Exhibit 18** is a true and correct copy of Experian's File One Appendix, as filed in *Shaw v. Experian*, No. 16-56587, Dkt. 40-1, (C.A.9 Sept. 1, 2017). I downloaded this document from the publicly available docket on PACER.

8. Attached at **Exhibit 46** is a true and correct copy of an email exchange between myself and Experian's counsel regarding its document production of several spreadsheets of Class-related data, as well as the Experian spreadsheets which were the subject of that email exchange. The 500-odd pages of spreadsheets attached at **Exhibit 46** were produced by Experian as Microsoft Except spreadsheets designated as EXP 000858 (confidential) (first page) and EXP 000859 (confidential – attorney's eyes only) (all subsequent pages). These pages were converted to .pdf by Plaintiff's counsel. I have added EXP 000858 to the first page of the combined spreadsheet, and added EXP 00859 to all subsequent pages. I have also affixed the appropriate confidentiality designations to those pages.

9. The documents attached at **Exhibits 16** and **17** were first requested in this matter in November 2017, in connection with Plaintiff's First Set of Requests for Production. The FCRA Policy and CIS Compliance Standards were not produced in this or any other case of which I am counsel until the Fall of 2018, and I did not learn of the document's existence until that time. Thus, there has been no opportunity to depose Experian on Exhibits 15 and 16 in the Action.

10. On November 27, 2018, Experian's counsel and I conferred telephonically regarding production of Exhibits 15 and 16 in, *inter alia*, the Action, after they were produced in another action, *Zimmerman v. Experian*, No. 18-cv-15-APG-NJK (D. Nev.). Following this discussion, Experian produced these documents in the Action in December 2018, several months after the July 2018 deposition of Experian in this matter.

11. I have added highlighting to several of the exhibits attached to this motion, including **Exhibits 15, 18, 31, 32, 33, 34, 36, 37, 38,** and **40**.

12. **Exhibit 22** contains a redaction to the tradeline image which appears on paragraph 17. This redaction was present when the exhibit was provided.

13. All Exhibits to the Motions are being submitted as a joint appendix in order to minimize duplicative filings with the Court.

I declare under penalty of perjury under the laws of the United States and the State of Nevada that the foregoing is true and correct.

EXECUTED in Las Vegas, Nevada on February 19, 2019.

/s/ Miles N. Clark
MILES N. CLARK