# EXHIBIT 22

# Feb. 18, 2019 Declaration of Dean Binder attaching Sept. 10, 2018 Expert Report

# (Redacted)

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Sean N. Payne
Nevada Bar No. 13216
PAYNE LAW FIRM LLC
9550 S. Eastern Ave. Suite 253-A213
Las Vegas, NV 89123
702-952-2733
Fax: 702-462-7227
Email: seanpayne@spaynelaw.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Mohammed Omar Badwan
Sulaiman Law Group, Ltd.
2500 S Highland Ave Ste 200
Lombard, IL 60148
630-575-8180
Fax: 630-575-8181
Email: mbadwan@sulaimanlaw.com

Thomas A. Zimmerman , Jr.
77 W. Washington St., Ste 1220
Chicago, IL 60602
312-440-0020
Email: tom@attorneyzim.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LOUIS A. CARDINALI, and all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 2:16-cv-2046-JAD-NJK<br><br>**DECLARATION OF DEAN BINDER** |

I, Dean Binder, hereby state and declare as follows:

1. I am over the age of 18. I have personal knowledge of the following facts, and I am competent to testify to the following facts upon my own personal knowledge.

2. I have been retained by Plaintiff's counsel in the above-captioned action to provide an expert opinion.

3. Attached at **Exhibit 1** to this declaration is a true and correct copy of the September 10, 2018 expert report I provided in this case, as well as a copy of my curriculum vitae.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED in Buford, Georgia, on February 17, 2019.

_____
DEAN BINDER

# EXHIBIT 1

Expert Report of Dean Binder and Curriculum Vitae

<u>CONFIDENTIAL</u>

# DECLARATION OF DEAN BINDER

I, **Dean Binder**, declare that:

I have been retained by Plaintiff's counsel to provide an opinion in connection with Louis A. Cardinali v Experian Information Solutions Inc. regarding adherence to industry standards concerning post-bankruptcy delinquency reporting, failure to reasonably reinvestigate Plaintiff's dispute with respect to the post-bankruptcy reporting, as well as Experian's representations on the reinvestigation documents it sends to consumers. U.S. District Court of Nevada, Civil Case No 2:16-cv-2046-JAD-NJK.

## SUMMARY OF OPINIONS

Experian did not adhere to industry standards regarding Plaintiff's post-bankruptcy delinquency reporting.

Experian failed to reasonably reinvestigate Plaintiff's dispute with respect to post-bankruptcy delinquency reporting.

## EXPERT BACKGROUND AND QUALIFICATIONS

1. I have worked in consumer credit, consumer credit reporting and consumer credit scoring industries for over 20 years, which includes my time as an Expert Witness.

2. From 1991 to 1997, I was employed by Equifax Credit Information Services. I spent most of those years in various roles, including as a Quality Assurance Specialist, as a Maintenance Operator and as an Assistant Manager of a team of consumer service agents, which handled thousands of consumer contacts (both by telephone and mail) on a daily basis.

1

CONFIDENTIAL

3.As one of the Equifax Team Leaders, I managed the Fraud Investigation Team functions, including the reinvestigation process and adherence to productivity and quality expectations. I worked closely with fraud victims and credit grantors to determine the accuracy and validity of their consumer claims.

4.As a Quality Assurance Specialist, I was responsible for checking the accuracy and integrity of specialty teams such as Consumer Fraud Victims, Mixed Credit Files, Credit Repair Clinics, disputes and CDV processing (Consumer Dispute Verification Forms).  This included listening in on consumer calls, sampling the dispute input of service agents and grading the adherence to company policy with respect to the accuracy of each of the dispute events, including call scripting as needed.  I followed up with team members and delivered feedback for training purposes.

5.As a Maintenance Operator, I logged reinvestigation results into Equifax's main database as instructed by the data furnisher.  I also performed other roles specific to consumer disputes such as Dispute Analyst, Information Consultant and Verification Processor.

6.In addition to my consumer experience at Equifax, I also worked with customers (data furnishers, purchasers and users of Equifax credit data and credit scores) at the Small Business Sales Division selling Equifax products and services.

7.From 2001 to 2008, I was employed by the Fair Isaac Corporation.  Fair Isaac is best known for their work in credit risk score development.  Their core product, the "FICO" Credit Score, is widely known in the consumer credit and lending environment and is by far the dominant credit risk score used in those industries.

8.My time at Fair Isaac was spent in the Mid Markets Account Management and Sales Division. I was responsible for new customer and renewal sales for a suite of Fair Isaac loan

Cardinali 000157

<u>CONFIDENTIAL</u>

origination products, including web-based credit decisioning, application processing software and custom scorecards, including those specific to home equity, revolving, indirect and direct lending.

9. I also participated in a collection of credit bureau score trainings, both internal and external to Fair Isaac.

10. In addition to my time at Equifax and Fair Isaac, I worked as Finance and Insurance Manager at Morgan from 1997 to 1998. I was responsible for working directly with lenders to secure financing for consumers purchasing large ticket recreational vehicles. My duties included pulling and analyzing credit reports and FICO scores, matching applicant credit risk with the most appropriate loan product given the consumer's credit history and score. I then executed the final sales and finance contracts between the consumer and lender.

11. I have also served as a credit expert for a personal finance website called Filife.com. FiLife was an IAC/Dow Jones joint venture. By invitation, I served as a credit and credit score blogger for the New York Times. In addition, I am twice FCRA Certified.

12. Because of my work at Fair Isaac and Equifax, I am well-versed on credit scoring, scoring analysis and the use of credit scoring and credit models in the financial services industry.

13. I have reviewed the following documents:

- First Amended Complaint
- Experian's Amended Objections and Responses to Plaintiff's Request for Admission
- Experian's Third Amended Objections and Responses to Plaintiff's First Set of Interrogatories
- Deposition of Mary Ames Methvin
- Declaration of Megan Bartlett
- Deposition of Louis Cardinali
- Experian Production Documents EXP_Cardinali, 1-117
- ADCV Procedures Participants, Guide EXP_Cardinali, 611-748
- EOSCAR Participant Guide, EXP_Cardinali, 308-667
- Dispute Participant Guide, EXP_Cardinali, 118-307
- FCRA
- 2015 Credit Reporting Recourse Guide Bates 375-667

3

CONFIDENTIAL

14. On 1/26/2012, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Nevada.

15. Included in Plaintiff's bankruptcy was an account from Webbank/Dell Financial Services (Webbank) (the WebbankTradeline)

16. Plaintiff's debt to Webbank was discharged through the Bankruptcy on 4/30/2012.

17. Plaintiff's Experian consumer disclosure and reinvestigation results dated 8/25/15 and 10/19/15 memorializes Experian's post-bankruptcy negative reporting of CO (Charged Off) in the months of February and March of 2012. (After the Bankruptcy filing date of 1/26/12)

| WEBBANK/DELL FINANCIAL SVCS<br>PO BOX 81607<br>AUSTIN TX 78708<br>Phone number<br>(800) 283 2210<br>Partial account number<br>4799....<br>Address identification number<br>0461640714 | Date opened<br>Dec 2007<br>First reported<br>Dec 2007<br>Date of status<br>Apr 2012 | Type<br>Charge Card<br>Terms<br>Not reported<br>Monthly payment<br>Not reported | Credit limit or original amount<br>$800<br>High balance<br>$1,038 | Recent balance<br>$0 as of Aug 2015 | Responsibility<br>Individual<br>Status<br>Discharged through Bankruptcy Chapter 7.<br>This account is scheduled to continue on record until Jul 2017.<br>This item was updated from our processing of your dispute in Oct 2015.<br>Account History<br>Debt included in Chapter 7 Bankruptcy on Apr 30, 2012. |

Payment history

| 2012 | | | | | | | | | | | | 2011 | | | | | | | | | | | | 2010 | | | | | | | | | | | | 2009 | | | | | | | | | | | | 2008 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MAR | FEB | JAN | | | | | | | | | | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT |
| CO | CO | CO | | | | | | | | | | CO | CO | CO | ND | CO | CO | CO | CO | CO | CLS | CLS | CLS | CLS | CLS | CLS | CLS | 120 | 90 | 60 | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

2007: SEP AUG JUL JUN MAY APR MAR FEB JAN DEC — OK OK OK OK OK OK OK OK OK OK

18. Any negative or balance reporting on this unsecured debt after the filing date of the Chapter 7 bankruptcy (1/26/2012) is inaccurate and inconsistent with the Orders entered by the Bankruptcy Court.

19. Additionally, Experian's reporting was inaccurate in that it did not comply with its own Consumer Data Industry Association's Metro 2 reporting standards (Credit Reporting Resource Guide/ CRRG), which provides industry guidance for credit reporting and FCRA compliance.

20. The CRRG was written and developed by the Metro 2® Format Task Force,

Cardinali 000159

<u>CONFIDENTIAL</u>

comprised of members from the consumer reporting agencies. The task force's mission was/is to provide a "standardized method for the reporting of accurate, complete and timely data."

21. For Bankruptcy reporting the CRRG specifies that in the payment history field for an account included in Chapter 7 Bankruptcy the only acceptable reporting after the filing date, to and past the discharge date, is ( Code "D") which indicates to future credit decision makers "no data reported for this month." (Exhibit A)  The Charge Off Code (CO) is not only inaccurate by industry standards, but highly derogatory as this could be perceived by Plaintiff or any consumer as an attempt to collect a debt. Additionally, the reporting of multiple consecutive charge offs in the payment history field can be misleading for consumer and current or prospective creditors.

22. In Experian's own Disputes Participants Guide, contrary to the CRRG policy regarding bankruptcy, they state the following for a consumer who disputes a delinquency reported between the filing date and the discharge date.[1]



---

[1] Disputes Trade Participants Guide pg. 35

<u>CONFIDENTIAL</u>

23. The Fair Credit Reporting Act ("FCRA") is the federal statute that defines when credit reports can be accessed, consumer's rights, obligations of the credit bureaus and data furnishers to perform reasonable investigations and reinvestigations and various notice requirements.

24. With respect to Credit Reporting Agencies, they must conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the consumers file. The reinvestigation must be completed within a 30 day period and within 5 business days, the CRA must provide notification of the dispute to any person who provided any item of information in dispute. The CRA must implement an automated system through which furnishers of information may report the results of a reinvestigation that it finds incomplete or inaccurate. Additionally, they shall provide written notice to a consumer of the results of a reinvestigation no later than 5 business days after the completion of the reinvestigation. ([15 U.S.C. § 1681i]

25. With the goal of maintaining maximum possible accuracy and staying compliant with 1681i of the FRCA, the industry standard for the dispute resolution process for CRA's and data furnishers is the use of Consumer Dispute Verification (ACDV's). The ACDV exchange is transmitted through a web-based system called Online Solution for Complete and Accurate Reporting or "e-OSCAR." The CRA's send the consumer's dispute through an ACDV via the e-OSCAR system, the data furnisher investigates the dispute and updates the ACDV, which is returned to the CRA. The CRA then updates the consumer's credit file base on the data furnisher's investigation results.

26. Experian and Webbank have both acknowledged that no ACDV was sent regarding Plaintiff's dispute of inaccurate post-bankruptcy reporting.

6

27. While it is common practice for CRA's to accept bankruptcy documentation from a consumer or to verify that a bankruptcy is reporting on a consumers report and unilaterally make necessary correction, this practice can be fundamentally flawed if you don't have proper procedures in place to correct post-bankruptcy reporting. To ensure the greatest degree of accuracy, the CRA should notify the data furnisher via ADCV. However, in this case Experian apparently elected to send Webbank a DRN, and did so only after it had finished evaluating Plaintiff's dispute and directed Plaintiff's reinvestigation reports to be sent to him. Therefore, Webbank never received proper notification of the dispute.

28. In this case, had Experian participated in the ACDV exchange practice with Webbank, Webbank likely would have verified that Plaintiff's account was indeed included in Chapter 7 Bankruptcy and corrected the inaccurate post-bankruptcy delinquencies reporting after the January 2012 filing date.

29. Additionally, nowhere on Experian's reinvestigation reports did Experian explain to Plaintiff that it not had notified Webbank of his dispute prior to time it had finished its reinvestigation.

I hereby declare that the foregoing is true and accurate to a reasonable degree of certainty within the credit industry based on the documents I have received and reviewed.

Dated: Buford, Georgia
September 10, 2018

_____
Dean Binder
CV Attached

7

Cardinali 000162

CONFIDENTIAL

# Exhibit A

Cardinali 000163

# Frequently Asked Questions and Answers

**27. Questions: Accounts included in Bankruptcy Chapter 7, 11 or 12:**

**(a) How should an account be reported when all borrowers associated to the account filed Bankruptcy Chapter 7, 11 or 12?**

Answer: Report the account according to the following guidelines:

|  | **All Borrowers Filed Bankruptcy Chapter 7, 11 or 12** |
|---|---|
| Month BK Filed | • CII = A, B or C (Petition for Chapter 7, 11 or 12 Bankruptcy)<br>• Account Status = status at time of petition<br>• Payment History = first character based on previous month's status plus prior history<br>• Current Balance = outstanding balance amount<br>• Scheduled Monthly Payment Amount = contractual monthly payment amount<br>• Amount Past Due = dependent on status<br>• Date of Account Information = current month's date<br><br>**Note: Authorized Users (ECOA Code 3) on accounts included in a bankruptcy petition should either be terminated (ECOA Code T) or deleted (ECOA Code Z) from the account because they are not contractually liable for payments.** |
| Months Between Petition Filed & BK Resolution (Reaffirmation of Debt, Lease Assumption, Discharged, Dismissed, Withdrawn) | • CII = Blank (previous petition value reported is retained) or CII = A, B or C<br>• Account Status = status at time of petition<br>• Payment History = increment first position with value 'D' (plus history reported prior to bankruptcy filing)<br>• Current Balance = outstanding balance amount<br>• Scheduled Monthly Payment Amount = contractual monthly payment amount<br>• Amount Past Due = dependent on status<br>• Date of Account Information = current month's date |
| Reaffirmation of Debt or Lease Assumption | • CII = R (Reaffirmation of Debt) or 2A (Lease Assumption)<br>• Account information as it applies going forward |
| BK Discharged | • CII = E, F or G (Discharged through BK Chapter 7, 11 or 12)<br>• Account Status = status at time of petition<br>• Payment History = increment first position with value 'D' (plus prior months' history)<br>• Current Balance = outstanding balance amount<br>• Scheduled Monthly Payment Amount = contractual monthly payment amount<br>• Amount Past Due = dependent on status<br>• Date of Account Information = current month's date<br><br>**Note: After reporting the discharge CII for all Filers, discontinue reporting the account.** |

*FAQ 27(a) continued on next page*

# Frequently Asked Questions and Answers

## FAQ 27(a) (continued)

| | **All Borrowers Filed Bankruptcy Chapter 7, 11 or 12** |
|---|---|
| Reaffirmation of Debt Rescinded | • CII = V (Chapter 7 Reaffirmation of Debt Rescinded)<br>• Account Status = status at time of petition<br>• Payment History = increment first position based on previous month's Account Status, plus prior history<br>• Current Balance = outstanding balance amount<br>• Scheduled Monthly Payment Amount = contractual monthly payment amount<br>• Amount Past Due = dependent on status<br>• Date of Account Information = current month's date<br><br>**Note: After reporting CII 'V' for all Filers, if the bankruptcy has been discharged, discontinue reporting the account. If the bankruptcy has not yet been discharged, continue reporting the account and Filers with the applicable CIIs.** |
| BK Dismissed | • CII = I, J or K (BK Chapter 7, 11 or 12 Dismissed )<br>• Account information as it applies going forward |
| BK Withdrawn | • CII = M, N or O (BK Chapter 7, 11 or 12 Withdrawn)<br>• Account information as it applies going forward |

**Dean Binder Bio and CV**

Dean Binder is a long time credit industry insider. In addition to his expertise in credit reporting and credit scoring, Dean serves as an expert witness and legal consultant for parties involved in credit related litigation.

Dean has 20+ years of experience in the consumer credit industry including positions with Equifax Credit Information Services, one of the three recognized national credit reporting agencies, and the Fair Isaac Corporation (inventors of the FICO credit scoring system). In addition, Dean has also served as Finance and Insurance Manager at Morgan Building Pools, Spas and RV's and worked with lending sources to secure financing.

Dean has a significant amount of relevant experience in the credit industry including time spent performing the following tasks at Fair Isaac, Equifax and Morgan:

- **Fair Isaac Mid Markets Account Management and Sales** - New customer and renewal sales for entire suite of Fair Isaac's loan origination and scoring products.  Included were web based credit decisioning, application processing software, and custom scorecards including those specific to home equity, revolving, indirect and direct lending.

- **Fair Isaac Credit Score Expertise** – Participated in a collection of credit bureau score trainings both internal and external to Fair Isaac.  Topics included credit bureau score design and development, implementation, calibration, validation, charateristics, attributes and weighting.

- **Equifax Team Lead-** Managed multiple Dispute Invesigation Teams including the Fraud Investigation Team. Functions comprised of managing the teams reinvestigation process and adherence to productivity and quality expectations. Worked closely with fraud victims and law enforcement to determine the accuracy and validity of consumer claims.

- **Equifax Quality Assurance for Specialty Teams-** Responsible for checking the accuracy and integrity of smaller specialty teams such as Consumer Fraud Victims, Mixed Credit Files, and Credit Repair Clinics.  Again, this included listening in on consumer calls, sampling the dispute input of service agents and grading the adherence to company and FCRA policy with respect to the accuracy of each of the dispute events, including call scripting as needed. Followed up with team members and delivered feedback for training purposes.

- **Equifax Quality Assurance-** Responsible for checking the accuracy and integrity of all consumer dispute departments. This included monitoring consumer calls (also known as a "service observation"), sampling the dispute input of service agents and grading the adherence to company and FCRA

policy with respect to the accuracy of each of the dispute events.  Followed up with team members and delivered feedback for training purposes.

- **Equifax Maintenance Processor**- Pursuant to any investigation logged all changes at the data furnisher's direction to Equifax's ACRO internal credit reporting database.  At this point a new credit report was sent to the consumer and any lender, at the consumer's request, who may have processed the application using incorrect credit data.

- **Equifax Verification Processor**- Contacted data furnishers directly to notify them of the consumer dispute, validate authenticity of the dispute, verify the accuracy of the credit information, and log a modification if needed on the credit reporting database.

- **Equifax Information Consultant**- Received consumer credit disputes via mail and telephone at Equifax's consumer call center. Duties included logging consumer disputes, creating unique dispute case numbers, and generating requisite data verification forms, which were then sent to the data furnisher.

- **Morgan Finance and Insurance Manager -** Responsible for working directly with lenders to secure financing for consumers purchasing large ticket recreational vehicles.   Duties include pulling and analyzing credit reports and FICO scores, matching applicant credit risk with the most appropriate loan product given the consumer's credit history and score.  Executed final sales and finance contracts between the consumer and lender.

- **FiLife.com –** By invitation, served as a credit expert for a personal finance website called Filife.com.  FiLife is an IAC/Dow Jones joint venture.

- **The New York Times-** By invitation, served as a Credit/Credit Score blogger for NY Times.

- **Certifications-** Twice, FCRA Certified by the CDIA.


**Recent Cases Include**

- Jensen v. JP Morgan Chase & Co U.S.D.C., S.D. California.
- White/Hernandez, et al. v. Experian Information Solutions, Inc. et al. U.S.D.C C.D or California, Class Action
- Johnson v. Macys Retail Holding Inc. Gwinnett County Civil
- John R. Gilbert v. TruWest Credit Union U.S.S.C State of Arizona
- Tom Gallaway v. Dell Financial Services State of South Carolina
- Nicholas Hariton v. Chase U.S.D.C Central California
- Chase v. Frank Severino Circuit Court of the Seventh Judicial Circuit, in and for Voulsia County Florida

- Judy D. Wright v. TransUnion, LLC, Equifax Information Services Civil Action
- Nagy v. Standard Insurance Co, U.S.D.C Central California
- Wells Fargo v. Cherveny, U.S.S.C New York
- Jestes v. Saxon Mortgage, U.S.D.C Central Nashville
- Domercant v. State Farm, U.S.D.C. Northern District of Georgia Atlanta Division
- Noe v. Metropolitan General Insurance Company, U.S.D.C. Northern District of Georgia Atlanta Division
- Appel v. PNC Bank, Experian, and Equifax, U.S.D.C. Middle District of Florida Tampa Division
- Fregoso v. Professional Collection Consultants, U.S.D.C. Central District California
- Haskett v. Experian, U.S.D.C Eastern District of Texas
- Wallace v. J.P. Morgan Chase Bank, Superior Court of California in and for the County of Stanislaus
- Foley v. Bank of America and Wenonah Village Homeowners Assc, Second Judicial District, New Mexico
- Damore v. EMC/Citibank, Ninth Judicial Circuit, Florida
- Dutton v. Wells Fargo Bank, District Court Creek County, Oklahoma
- Parker v. Bank of America / BAC Home Loan Servicing, U.S.D.C District of Columbia, Class Action
- Guin v. Chase Home Finance / JP Morgan Chase, U.S.D.C Northern Mississippi
- Myslis v. Bank of America,NA
- Tabata v. CAMC (Charleston Area Medical Center) Civil Action Circuit Court of Kanawha County, West Virginia, Class Action
- Doty v. Associated Bank-Corp, U.S.D.C Eastern District of Wisconsin
- Rymer v. USAA, Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida
- Best/Snapp v. Bluegreen Corp; Equifax Information Services and Experian Information Services Solutions, U.S.D.C Southern District of Florida, Class Action
- Belton v. GE Capital Lending aka, GE Money Bank, U.S.B.C Southern District of New York
- Guttieres v. Equifax Information Services, LLC U.S.D.C Southern District of Florida Miami Division
- Byrum and ATI JET, INC.v. Wells Fargo Bank NA, U.S.D.C for the District of Colorado
- Aurora Loan Servicing v. Lewis, Circuit Court Leon County, Florida
- Kuns v. Ocwen Loan Servicing, U.S.D.C for the Central District of California
- Morgan v. Equifax/Experian/TranUnion and West Asset Management Inc, U.S.D.C of Maryland Baltimore Division
- Smith v. Equifax/Experian/TranUnion and Navy Federal Credit Union, U.S.D.C of Maryland Baltimore Division

- Murray v. Equifax/Experian/TranUnion and J.P. Morgan Chase, U.S.D.C of Maryland Baltimore Division
- Alley v. Verizon Wireless Telecom, Inc. for the District of Maryland, Baltimore Division,
- George and Pamela Shedd v. Wells Fargo Home Mortgage. U.S.D.C for the Southern District of Alabama
- Emery v. Wells Fargo Bank, N.A. in the United States District Court for the Western District of Missouri
- Johnson v. Sliver State Schools Federal Credit Union, U.S.B.C District of Nevada
- Sandras v. Bank of America for U.S.D.C for the Eastern District of Louisiana
- Henderson v. Ocwen Loan Servicing, for U.S.D.C for the Eastern District of Louisiana
- Barakat v. Equifax, Experian, TransUnion and Capital One Bank, U.S.D.C, Eastern District of Michigan Southern Division, Case No. 16-cv-10718.
- Zorba v. Experian Information Solution, U.S.D.C for the Northern District of Illinois, Civil Case No 15-cv-08665
- Rossignoli vs Seneca Mortgage Servicing and Experian Information Solutions, U.S.D.C for the District of Nevada, Case No. 2:16-cv-00754-APG-CWH
- Watts v. Equifax, Experian, TransUnion and Capital One Bank, for the United States District Court, Eastern District of Michigan Southern Division, Case No. 16-cv-11453
- Belsanti v. Equifax, Experian, TransUnion, Capital One Bank and Chase Bank, for the United States District Court for the District of Arizona, Case No. 3:16-cv-08001-DGC
- Manufacturers and Traders Trust Company v. Client Server Direct, Inc, State of New York Supreme Court, Index No 812932/2014
- Demeta Reyes, individually and on behalf of all others similarly situated v. Experian Information Solutions, U.S.D.C Central District of California, Class Action, Case No. 8:16-CV-563 AG-AFM
- Rajan Patel v. Discover Bank, before the American Arbitration Association No. 07-16-0005-1850
- Valerie Doerpinghaus vs. Randy Doerpinghaus, Case Number D470198 in the District Court, Family Division Clark County, Nevada
- Kara K. Browning / Kamp / Presson v. Sterling E. Browning, Cause Number 12SL-DR08202 in the Circuit Court of the County of St. Louis, State of Missouri
- Rajan Patel v. Discover Bank, before the American Arbitration Association No. 07-16-0005-1850
- Anysia V. Tin v. Medicredit, Inc., in the United States District Court for the District of Maryland Greenbelt Division, Civil Action 8:16-cv-3737
- HSBC Bank USA, N.A. v. Shawn Samson, et al. – Index No.: 35673/2015E
- Brendan Tully v Republic Franklin Insurance Co., in the United States Superior Court, J.D of Hartford at Hartford, Docket No: HHD-CV-17-6079169S

CONFIDENTIAL

- Narendra T. Dindiyal v. Experian Information Solutions, Inc. and TransUnion, LLC in the United States District Court Southern District of Florida, Case No: 17-cv-61957