# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS A. CARDINALI, | Case No.: 2:16-cv-02046-JAD-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 129] |
| PLUSFOUR, INC., et al., | |
| Defendant(s). | |

Pending before the Court is Defendant Experian's renewed motion for sanctions arising out of the deposition of nonparty Haines & Krieger. Docket No. 129. Haines & Krieger filed a response in opposition, and Experian filed a reply. Docket Nos. 133, 138. The Court finds the motion properly decided without a hearing. *See* Local Rule 78-1.

Haines & Krieger filed a motion to quash a deposition subpoena. Docket No. 85. The Court denied that motion and ordered Haines & Krieger to appear for deposition. Docket No. 95. Haines & Krieger did not object to that order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and, instead, agreed to appear for the deposition on November 1, 2018. Docket No. 96. Nonetheless, it is abundantly clear that Haines & Krieger did not comply with its obligations to provide deposition testimony, instead offering a Rule 30(b)(6) witness who was not prepared to testify, who regularly provided evasive and ridiculous answers to questions posed, and who was improperly coached by counsel (Miles Clark). That conduct is troubling and wrong. The heart of the issue before the Court is the proper remedy to address that situation.

Unfortunately, the briefing conflates the provisions of Rule 37 and Rule 45 of the Federal Rules of Civil Procedure with respect to the range of potential sanctions.[1] "The Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices." *Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). "While an order to produce a deponent under Rule 37 and a subpoena under Rule 45 are intended to bring about the same outcome, the order's focus and the consequences of noncompliance are different." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018). Rule 37 provides a laundry list of potential sanctions for a party's non-compliance with a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A). A subpoena issued under Rule 45 "obligates [a] nonparty to appear at the scheduled deposition at pain of being held in contempt. None of the other sanctions available under Rule 37 are available against the nonparty." *Sali*, 884 F.3d at 1224.[2]

Although Experian's moving papers at times reference contempt, the motion does not sufficiently develop a request to initiate contempt proceedings. Moreover, the sanctions that are otherwise sought by Experian arise out of provisions in Rule 37, such as a request that the Court deem admitted the fact that Haines & Krieger acted as a credit repair organization. *See* Docket No. 129 at 16-19. Given the nonparty status of Haines & Krieger, it is not clear that the cited provisions of Rule 37 apply here.

The Court has wide discretion in controlling discovery. *E.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Given the circumstances of this case, the Court will defer ruling on the issue of sanctions. Instead, the Court will order Haines & Krieger to appear for a redeposition no later than April 18, 2019. The deponent for Haines & Krieger must be properly prepared and must answer fully and non-evasively. Mr. Clark or any other attorney appearing for Haines & Krieger must not impede the deposition through coaching or improper objections. The Court has

---

[1] Haines & Krieger has not raised the concerns identified herein as to the scope of potential sanctions available, but the Court is loath to issue an order that may stretch beyond its authority.

[2] There are potential exceptions when there is a sufficiently close relationship between a party and a nonparty deponent. *Sali*, 884 F.3d at 1222 n.4. The briefing on the instant motion does not discuss whether Haines & Krieger's role as co-counsel for Plaintiff impacts the analysis of the potential consequences for its failure to comply with its obligations at the deposition. For purposes of this order, the Court assumes without deciding that Haines & Krieger should be treated as a nonparty. Nothing herein prevents the parties from arguing otherwise in the future.

now addressed this deposition through a fulsome order resolving numerous baseless objections posed by Haines & Krieger (Docket No. 95) and through this order addressing misconduct by Haines & Krieger at the deposition.  The Court expects strict compliance with this order and will view any further noncompliance as a very serious matter.[3]

Accordingly, for the reasons outlined above, the Court **ORDERS** Haines & Krieger to appear for a redeposition.  In all other respects, the renewed motion for sanctions is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: March 29, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] As noted above, contempt proceedings may be initiated in the event of noncompliance.  Furthermore, pursuant to Canon 3(B)(5) of the Code of Conduct for United States Judges, "[a] judge should take appropriate action upon learning of reliable evidence indicating the likelihood that . . . a lawyer violated applicable rules of professional conduct."  To the extent Mr. Clark (or any other attorney) violates this order, the Court will determine whether the circumstances justify his referral to the state bar for disciplinary proceedings.  *See, e.g.*, *Weddell v. Stewart*, 261 P.3d 1080, 1085 n.9 (Nev. 2011).  To the extent that a further motion for sanctions is necessary, nothing herein limits the remedies that may be sought (including for the costs and fees associated with re-deposing Haines & Krieger) so long as a proper factual and legal basis is presented to justify imposing those sanctions.