# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Louis A. Cardinali,

    Plaintiff

v.

Plusfour, Inc., et al.

    Defendants

Case No.: 2:16-cv-02046-JAD-NJK

**Order Overruling Objections to Magistrate Judge's Orders and Denying Emergency Motions to Stay Redeposition and Vacate Evidentiary Hearing**

[ECF Nos. 159–62]

    The question of whether one of the law firms that represents plaintiff Louis Cardinali in this case—Haines & Kreiger, LLC (the Firm)—qualifies as a credit-repair organization has spawned a nasty discovery dispute. Magistrate Judge Nancy J. Koppe has fielded numerous discovery motions about this issue. Most recently, Judge Koppe ordered the Firm's FRCP 30(b)(6) witness to appear for redeposition by April 18, 2019, and denied without prejudice defendant Experian Information Solutions, Inc.'s renewed motion for sanctions arising out of the prior deposition of that witness.[1] Judge Koppe also set Experian's renewed motion to compel the Firm to produce documents for an evidentiary hearing next month.[2]

    The Firm objects and appeals from both of Judge Koppe's orders, and it moves on an emergency basis for an order (1) staying its redeposition, (2) vacating the evidentiary hearing on Experian's renewed motion to compel, (3) circumscribing the permissible scope of Experian's inquiry at any redeposition, and (4) prohibiting Experian from asking questions that fall outside that scope.[3] After carefully reviewing the entire record, I am not left with a definite and firm

---

[1] ECF No. 157.
[2] ECF No. 158.
[3] ECF Nos. 159–62.

conviction that Judge Koppe committed a mistake, so I overrule the Firm's objections, affirm Judge Koppe's orders in their entirety, and deny the Firm's motions for additional relief.

## Standard for reviewing a magistrate judge's final determination

"A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown [that] the magistrate judge's order is clearly erroneous or contrary to law."[4] "The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order. The district judge may also remand the matter to the magistrate with instructions."[5] "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."[6] The magistrate judge's ruling must be overturned if, "after reviewing the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed."[7]

## Discussion

The Firm argues that Judge Koppe erred because she predicated the sanction of redeposition on the unsupported conclusion that the Firm and its counsel engaged in deposition misconduct.[8] But ordering the Firm to reappear for deposition wasn't a sanction—it was an order directing the Firm to comply with Experian's Rule 45 subpoena.[9] The Firm has not

---

[4] Nev. L.R. IB 3-1(a).

[5] *Id.* at 3-1(b).

[6] *United States v. Desage*, 229 F. Supp. 3d 1209, 1213 (D. Nev. 2017) (quotation omitted).

[7] *United States v. Silverman*, 861 F.2d 571, 576–77 (9th Cir. 1988).

[8] ECF No. 159 at 13–14.

[9] Judge Koppe explained that she was "defer[ing] ruling on the issue of sanctions" and denied the motion for sanctions without prejudice. ECF No. 157 at 2–3. For this reason, the Firm's argument that Judge Koppe's footnoted point that "[t]here are potential exceptions" to the rule that Rule 37 sanctions are not available against a nonparty is premature. ECF No. 159 at 16 (citing ECF No. 157 at 2 n.2).

2

demonstrated that this court lacks authority to order nonparties to comply with a Rule 45 subpoena, and my review of the scant law on this issue persuades me that it does have this authority.[10]

The Firm's contention that Judge Koppe didn't support her conclusion of wrongdoing is unfounded. Judge Koppe explained on the first page of her order that what she found "troubling and wrong" was the fact that "it is abundantly clear that [the Firm] did not comply with its obligations to provide deposition testimony, instead offering a Rule 30(b)(6) witness who was not prepared to testify, who regularly provided evasive and ridiculous answers to questions posed, and who was improperly coached by counsel . . . ."[11] Judge Koppe essentially says that attorney and deponent misconduct is rife in the transcript, and having reviewed that transcript, I agree. I also find that Judge Koppe correctly summarized the categories of deposition misconduct.

The entire transcript is redolent of obfuscation, so an order ruling on each objection would squander the court's resources. The Firm's attorney lodged nearly 500 objections in a four-hour deposition. More than half of those objections were that the question exceeds the noticed scope of the deposition. The deponent answered "I don't know" nearly 300 times, even to basic questions about what functions she performs as the Firm's office manager.[12] After reading the transcript, and having sat through hundreds of depositions as a civil litigator myself, I'm left with the impression that the deponent was coached to promote the Firm's position that it

---

[10] *Cf. Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (explaining that before a nonparty who has objected to a subpoena can be held in contempt under Rule 45(f), "the party seeking discovery must obtain a court order directing compliance").

[11] ECF No. 157 at 1.

[12] *See, e.g.*, ECF No. 136-8 at 5 (13:19–15:10), 8 (26:02–28:09).

3

"doesn't receive fees, charge fees, receive compensation, charge, or anything else, receive money, for sending dispute letters[,]" and to answer "I don't know" to everything else, so as to preclude Experian from drilling down and examining the foundational facts of the Firm's position. Or the deponent was intentionally underprepared by the Firm and its counsel to ensure that result. Either scenario, to borrow Judge Koppe's words, is "troubling and wrong."

The Firm similarly argues that Judge Koppe's sua sponte ordering a do-over deposition prejudiced its ability to fully vet the underlying issues.[13] But the Firm devoted pages of its response to Experian's renewed motion for sanctions to argue that it complied with the subpoena.[14] So, the Firm's argument that it has been prejudiced is untenable.

In its penultimate argument, the Firm asks me to enter an order "clearly defining the parameters of the re-noticed deposition to conform with [my] interpretation of the underlying order and prevent Experian from engaging in more abusive deposition tactics under the cover of [Judge Koppe's] clearly erroneous [o]rder."[15] I assume the "underlying order" that the Firm refers to is Judge Koppe's order denying the Firm's motion to quash the subpoena.[16] But the Firm has not objected to or appealed from that order. And Judge Koppe sufficiently delineated the metes and bounds of the deposition in her prior order.[17] I am not persuaded that the Firm or its attorneys require further bumpers than those Judge Koppe has already provided, so I deny the Firm's motion for this relief.

---

[13] ECF No. 159 at 14–16.
[14] ECF No. 133 at 9–22.
[15] ECF No. 159 at 17.
[16] ECF No. 95.
[17] *See, e.g.*, *id.* at 5–8 (overruling the Firm's objections that the noticed topics seek materials protected by the attorney-client privilege and are overbroad and unduly burdensome).

4

The Firm's final argument—that I should vacate the evidentiary hearing that Judge Koppe set for Experian's renewed motion to compel the Firm to produce documents—is premised on my concluding that Judge Koppe's deposition-misconduct conclusion is not factually supported and more clear parameters are needed for the redeposition.[18] But I find that Judge Koppe's conclusion is amply supported by the deposition transcript, and she did not err declining to individually umpire each of the Firm's nearly 500 objections. I also find that further clarification about the permissible scope of the deposition is not merited. Thus, I deny the Firm's motion for this relief, too.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the Firm's emergency objections to Magistrate Judge Koppe's orders directing the Firm to appear for redeposition and setting the Firm's motion to compel for evidentiary hearing **[ECF Nos. 160, 161] are OVERRULED**, and Judge Koppe's orders **[ECF Nos. 157, 159] are AFFIRMED.**

IT IS FURTHER ORDERED that the Firm's emergency motions to stay its redeposition and the evidentiary hearing **[ECF Nos. 158, 162] are DENIED.**

Dated: April 15, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[18] ECF No. 159 at 17.