# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Louis A. Cardinali,<br><br>  Plaintiff<br><br>v.<br><br>Plusfour, Inc., et al.,<br><br>  Defendants | Case No.: 2:16-cv-02046-JAD-NJK<br><br>**Order Granting Motion for Reconsideration, Setting Briefing Schedule, and Scheduling Hearing**<br><br>[ECF No. 211] |

In September 2019, I granted summary judgment in favor of defendant Experian Information Solutions, Inc., dismissing Louis Cardinali's claims for violations of the Fair Credit Reporting Act.[1] Because I found that Cardinali's claims failed as a matter of law, I denied as moot multiple pending motions, including Experian's motion for monetary sanctions and to initiate contempt proceedings against Haines & Krieger, LLC; David Krieger; and Haines & Krieger's counsel, Miles N. Clark and Matthew I. Knepper.[2] Experian moves for partial reconsideration, arguing that my finding was erroneous because a successful summary-judgment ruling does not moot a sanctions motion seeking compensatory damages.[3] Haines & Krieger and their counsel do not oppose Experian's motion on the merits; instead, they argue that Experian's motion suffers from supposed technical deficiencies.[4] Because I find that denying the sanctions motion was clear error, I grant Experian's motion for reconsideration and direct Experian to re-urge its request for sanctions consistent with this order.

---

[1] ECF No. 208.

[2] *Id.* at 29–30 (mooting motion for sanctions (ECF No. 190)).

[3] ECF No. 211 (motion for reconsideration).

[4] ECF No. 212 at 4.

**Discussion**

Under Federal Rule of Civil Procedure 60, a court may "relieve a party or its legal representative from a final judgment, order, or proceeding."[5] A motion for reconsideration is generally appropriate when the district court is presented with newly discovered evidence or has committed clear error, or there is an intervening change in controlling law.[6] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments;"[7] instead, a party seeking reconsideration must present "facts or law of a strongly convincing nature" that provide a "valid reason" why reconsideration is appropriate.[8] Experian argues that I committed clear error when I denied its sanctions motion as moot, instead of addressing the merits of its claims.

My 2019 order erroneously denied Experian's sanctions motion. "Even where one issue in a case has been rendered moot, others may remain."[9] As the Ninth Circuit has repeatedly held, a motion for compensatory sanctions, as opposed to coercive sanctions, can survive the end of a dispute.[10] So I vacate my summary judgment order insofar as it improperly mooted Experian's motion for sanctions and will address that motion on the merits.

---

[5] Fed. R. Civ. P. 60(b).

[6] *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[7] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[8] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[9] *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 631 (9th Cir. 2016).

[10] *Id.* at 630 ("[T]he justification for this bright-line distinction between compensatory and coercive contempts arises out of their disparate purposes. Once an injunction has been terminated, a court may still award compensation to the plaintiff as a result of injuries caused by its opponent's contumacy."); *Trans Int'l Airlines, Inc. v. Int'l Brotherhood of Teamsters*, 650 F.2d 949, 956 (9th Cir. 1980), *amended* (9th Cir. June 2, 1980) (explaining that the "possibility of compensatory damage liability" arising from "civil[-]contempt adjudication" prevented an action from becoming moot).

But I ask that Experian re-urge its request, given that (1) this case's posture has changed dramatically since Experian filed its original sanctions motion—the case has been resolved in Experian's favor; (2) my summary judgment order mooted pending discovery-order objections, which may bear on Experian's sanctions motion; and (3) the alleged discovery misconduct that Experian identified may have had limited import to the ultimate disposition of this matter.  I direct Experian to quantify its request for compensatory sanctions in the motion, with any necessary supporting documentation, so that the parties may address the reasonableness of the sanctions sought.  I also ask that the parties refrain from tit-for-tat exchanges regarding H&K and its counsel's supposed malfeasance—a simple recitation of the supposed misconduct, with a response that either disputes its accuracy or excuses the behavior, will be more useful.

## CONCLUSION

IT IS THEREFORE ORDERED that Experian's motion for partial reconsideration **[ECF No. 211] is GRANTED.  The portion of my September 26, 2019, order denying Experian's motion for sanctions as moot [ECF No. 208] is VACATED**.

IT IS FURTHER ORDERED that **Experian must file its renewed motion for sanctions by April 9, 2021**.  Any response and reply must be filed by the deadlines established in Local Rule 7-2(b).  **If Experian does not file its motion, its request for sanctions will be deemed abandoned and denied with prejudice.**

IT IS FURTHER ORDERED that **a hearing on Experian's motion will be held on May 21, 2021, at 10:00 am.**

_____
U.S. District Judge Jennifer A. Dorsey
March 25, 2021