Jennifer L. Braster
Nevada Bar No. 9982
Andrew J. Sharples
Nevada Bar No. 12866
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(T) (702) 420-7000
(F) (702) 420-7001
jbraster@naylorandbrasterlaw.com
asharples@naylorandbrasterlaw.com

Adam W. Wiers (*pro hac vice*)
Christopher A. Hall (*pro hac vice*)
Jones Day
77 W. Wacker Ave.
Chicago, IL 60601

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LOUIS A. CARDINALI,

Plaintiff,

v.

PLUSFOUR, INC; RC WILLEY HOME FURNISHINGS; WEBBANK/DELL FINANCIAL SERVICES; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants.

Case No. 2:16-cv-02046-JAD-NJK

**EXPERIAN INFORMATION SOLUTIONS, INC.'S RENEWED MOTION FOR SANCTIONS**

Pursuant to the Court's March 25, 2021 order, Experian Information Solutions, Inc. ("Experian") hereby renews its Motion to Sanction David Krieger, Miles Clark, and Matthew Knepper.[1]

Mindful of the Court's request not to engage in a "tit for tat" recitation, Experian presumes the Court is familiar with the material facts related to this Motion. In short, what started as two fairly straightforward Rule 45 subpoenas on Haines & Krieger, LLC ("H&K") to identify its role in Plaintiff's dispute and discover facts necessary to determine if H&K was indeed a credit repair organization, resulted in a cascade of abuse by H&K and its counsel Messrs. Krieger, Clark, and Knepper significant enough that Judge Koppe characterized it as "troubling and wrong," ECF No. 157 at 1:27; *see also* ECF No. 167 at 3:9-11 ("Judge Koppe essentially says that attorney and deponent misconduct is rife in the transcript, and having reviewed that transcript, I agree."). This abuse and evasion was costly, requiring Experian to file multiple motions to compel and sanction to bring the issue to the Court's attention, and required Judge Koppe to conduct a two-day evidentiary hearing in order to get truthful answers from H&K.

All of this could have been avoided by a more measured and reasonable response by H&K and its attorneys to Experian's subpoenas in the first place. Certainly, once its Motion to Quash had been roundly denied, s*ee* ECF No. 85, the writing was on the wall. H&K's only reasonable route forward was complying and negotiating in good-faith. Unfortunately, H&K chose another route and that choice has had costly consequences.

As the Court notes, the posture of this case has changed since the Court last addressed this issue. On September 26, 2019, the Court granted Experian's Motion for Summary Judgment. ECF No. 208. Plaintiff did not appeal this decision. Accordingly, Experian is no longer seeking exclusionary sanctions or any adverse inferences. Further, H&K is no more, with George Haines now operating Freedom Law Firm, *see* George Haines, https://freedomlegalteam.com/about-us/attorney-profile/george-haines/, and Mr. Krieger now operating his own firm, the Krieger Law

[1] Experian is not seeking sanctions against George Haines, David Krieger's former partner. Mr. Haines did not enter an appearance in this case and appears not to have been involved in the conduct at issue.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

Group. *See* Our Firm, http://kriegerlawgroup.com/about-us/our-firm/. Sanctions against the now non-existent H&K would be futile and any finding that H&K was a credit repair organization is largely beside the point. Instead, Experian only wants to be made whole for the significant costs it has incurred due to the abuse and evasion at issue. The reality is that Messrs. Krieger, Clark, and Knepper's actions forced Experian to incur significant costs and fees that could have readily been avoided. Specifically, Experian asks the Court to award as sanctions Experian's reasonable costs and fees for:

1) The November 1, 2018 deposition of Laura Ferranti; and
2) Experian's Motions to Compel H&K's Compliance with Experian's Subpoenas, including cost and fees for the May 2019 evidentiary hearing.

Additionally, Experian asks the Court to award Experian its reasonable costs and fees for filing this Motion and any subsequent fee petition filing akin to a Local Rule 54-14 motion. After reviewing the Court's March 25, 2021 order, Experian's counsel reached out to Messrs. Krieger, Clark, and Knepper to engage in settlement negotiations. *See* Hall Decl. at ¶ 2; Exhibit A (April 6, 2021 email thread between C. Hall and M. Knepper). Their only response was to say that Experian's initial demand was "north of Pluto" and to offer only costs for Ms. Ferranti's deposition, conditioned on no admission of wrongdoing. Exhibit A at 1. Further briefing, cost, and waste could have been avoided by Messrs. Krieger, Clark, and Knepper, but again, they chose the more difficult and costly route. Experian has made a preliminary accounting of its costs as detailed below. Once the Court has agreed as to the exact events for which sanctions are warranted, Experian will submit its fee petition filing, providing all the requisite materials.

**Legal Standard**

Federal courts have broad authority to issue sanctions to correct and prevent abuse that occurs before the court. Federal Rule of Civil Procedure 30(d)(2) provides that "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Similarly, Federal Rule of Civil Procedure 37(b)(1) provides that when a court has



NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

ordered a deposition to proceed "and the deponent fails to obey, the failure may be treated as contempt of court." Rule 37 also provides that the failure to disclose discovery is sanctionable. Fed.R.Civ.P 37(c)(1)(C). Federal Rule 11(c) allows the Court to issue sanctions when an attorney signs a pleading or motion that is "presented for any improper purpose" and includes legally meritless or factually unsupported allegations. *See* Fed.R.Civ.P. 11(b). It has long been recognized that "a federal court has the power to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, (1991). Sanctions are appropriate to address bad-faith conduct, correct discovery abuses, or to compensate the aggrieved party harmed by the sanctionable conduct. *See*, *e.g. In re Rainbow Mag., Inc.*, 77 F.3d 278, 280 (9th Cir. 1996) (Before the Court can rely on its inherent powers to sanction an attorney it must "assess an attorney's individual conduct and to make an explicit finding that he or she acted in bad faith." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 650 (9th Cir. 1997)). A finding of "bad faith" covers a broad range of "willful improper conduct" and does not require a finding of frivolousness or false assertions of fact. *See Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). "[S]anctions are justified when a party acts *for an improper purpose*-even if the act consists of making a truthful statement or a non-frivolous argument or objection." *Id.*

Monetary sanctions are authorized by a number of sources. Rule 30(d)(2) expressly anticipates sanctions including "the reasonable expenses and attorney's fees incurred by any party" when a deposition is improperly obstructed. Fed.R.Civ.P. 33(d)(2). Rule 37 in turn provides that, when a motion to compel is granted "the court ***must***, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" absent a showing of good faith or that sanctions would be unjust. *See* Fed.R.Civ.P. 37(a)(5)(emphasis added). Rule 11 allows the court to "direct[] payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed.R.Civ.P. 11(c)(4). Similarly, 28 U.S.C. § 1927 provides that "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof



NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The purpose of monetary sanctions is "to deter attorney misconduct, to compensate the victims of an attorney's malfeasance, or to both compensate and deter." *Haynes v. City & Cty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012); *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184, 197 L. Ed. 2d 585 (2017) (fee award issued under court's inherent power is limited to "fees that party would not have incurred but for the bad faith").

## ARGUMENT

### I. THE COURT SHOULD AWARD EXPERIAN ITS COSTS AND FEES RELATED TO THE NOVEMBER 1, 2018 DEPOSITION OF LAURA FERRANTI.

The improper behavior that occurred at the deposition of H&K's Rule 30(b)(6) deposition has been painstakingly detailed previously, and need not be repeated in full. *See* ECF Nos. 99; 129. In brief, when Judge Koppe denied H&K's motion to quash, she ordered H&K to prepare a witness to testify on the designated topics. ECF No. 95 at 10. H&K simply refused to do so, designating Ms. Ferranti, who, after meeting with Mr. Clark and Mr. Krieger, gave a litany of "I don't knows" that were evasive at best and intentionally dishonest at worst. *See* ECF No. 131-2 at 12-14 (Testimony of L. Ferranti regarding discussion with D. Krieger and attorneys). Mr. Clark assisted in this by lodging frequent dog-whistle objections with the design to elicit Ms. Ferranti's testimony. *See* ECF No. 131 at 7-8 (Declaration of C. Hall tabulating "I don't know" responses and related objections and responses). Judge Koppe has already found that this conduct violated her order. ECF No. 157 at 1: 24-57 ("it is abundantly clear that Haines & Krieger did not comply with its obligations to provide deposition testimony, instead offering a Rule 30(b)(6) witness who was not prepared to testify, who regularly provided evasive and ridiculous answers to questions posed, and who was improperly coached by counsel (Miles Clark).").

This conduct warrants sanctions for numerous reasons. First, it plainly evidences efforts by Mr. Krieger and Mr. Clark to obstruct the deposition. *See* Fed.R.Civ.P. 30(d)(2). It also tells of bad-faith, using objections for an improper purpose, and violates basic cannons of legal ethics. *See, e.g.*, Nev. Rules of Prof. Conduct 3.5 (prohibiting lawyers from "[u]nlawfully obstruct[ing]



NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value" assisting with that obstruction, or to "counsel or assist a witness to testify falsely").

A finding of bad faith is apt here for Mr. Krieger, Mr. Clark, and Mr. Knepper. Mr. Krieger, as principal of H&K is bound by its designee's conduct, and in any event, seemingly consulted with Mr. Clark and Ms. Ferranti beforehand. *See*, *e.g.*, Mr. Clark's bad faith is evident from the transcript itself. Mr. Knepper has no excuse for sitting idly by while this conduct played out. Even if he was unaware of the plan before the November 1, 2018 deposition, his refusal to correct the record, and later subsequent defense of it warrants a bad-faith finding.

It is likewise appropriate to compensate Experian for the costs it incurred in preparing for and taking this deposition. When it served its subpoenas on H&K, Experian knew that it would incur the fair costs associated with deposing a properly prepared witness. Experian anticipated that H&K might initially refuse. Experian thus is not seeking compensation for responding to H&K's motion to quash, or for the fees associated with the subsequent court-ordered deposition of David Krieger. However, Experian did not expect the orchestrated farce that occurred on November 1, 2018 and there is no sound basis for Experian to bear those costs.

## II. THE COURT SHOULD AWARD EXPERIAN THE COSTS RELATED TO ITS MOTIONS TO COMPEL.

H&K's refusal to cooperate with Experian's subpoenas required Experian to file multiple motions to compel. On November 21, 2018, Experian filed its first motion. ECF No. 100. Briefing this Motion involved multiple filings, including various responses and replies. Judge Koppe found the various cross and counter motions confusing and ordered Experian to file a renewed motion. ECF No. 128. Experian did so on January 29, 2019. ECF No. 130. With these Motions, Experian also moved for sanctions related to the November 1, 2018 deposition. ECF No. 129. Judge Koppe granted this last motion in part, ordering H&K to provide another deponent, ECF No. 157, then ordered a two-day evidentiary hearing and ordered that H&K produce another deponent for deposition. ECF Nos. 157-58. H&K launched unsuccessful objections, and following the evidentiary hearing, Judge Koppe then granted in part Experian's Motion to Compel. ECF No.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

180. In granting Experian's Motion, Judge Koppe explained that the evidentiary hearing was required due to the misconduct and contradictory testimony H&K had offered previously. *See* ECF No. 180 at 6. H&K lobbed emergency objections that were denied. ECF No. 185.

There is ample reason to award Experian its fees and costs associated with the briefing its motions to compel, the resulting evidentiary hearing, and responding to H&K's objections and related motions to strike. Initially, because Experian's motions were largely granted (H&K was ordered to produce responsive documents and to provide another witness), Rule 37 requires an award of reasonable costs and attorney's fees, absent a showing by H&K that its opposition was substantially justified. *See* Fed.R.Civ.P. 37(a)(5)(A). H&K has never tried to explain how its opposition was justified, and it cannot fairly do so now. Experian has previously explained how, despite Experian's repeated offers to compromise and narrow its subpoenas, H&K and its lawyers never conferred in good faith, or even considered the more narrow requests. *See*, *e.g.*, ECF No. 190 at 6-7 (describing meet and confer history and evidentiary hearing testimony regarding H&K's failure to consider narrowed requests). Experian has also detailed the many contradicting positions H&K has taken in responding to Experian's subpoenas, from claiming the burden would shut H&K's business down, to disingenuously denying using a template dispute letter, only to later admit it when forced to testify under oath with Judge Koppe present. *See id.* at 8; ECF No. 180 at 6:13-14 (order granting motion to compel stating "[t]he need for the hearing is also evident in its results. For example, Ms. Ferranti effectively admitted at the hearing that some of her deposition testimony was untruthful.").

Sanctions against Messrs. Krieger, Clark, and Knepper are also appropriate under both Federal Rule 11 and 28 U.S.C. § 1927. Among the many vexatious and unsupported claims H&K and its attorneys have made included assertions that H&K does not use form template letters, *See*, *e.g.*, ECF No. 177 at 93:21-94:4 ("THE COURT: So essentially what you do is you have this letter, and you change out the personal information, and the rest of it is the same, correct? Is that what you're saying? You say it's a letter that's been rehashed so it -- it's used over and over again with different personal information? THE WITNESS: Correct, correct. I think that would be more or



NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

less correct), claims that complying with the subpoena in any fashion would shut H&K's business down, *see* ECF No. 180 at 5:16-12 (Order granting motion to compel explaining "[m]aking matters worse, Experian unearthed sworn testimony from Mr. Krieger himself that appeared to contradict the declaration."), and its repeated insistence that Experian could not pursue discovery as to whether H&K was a credit repair organization without evidence first proving that to be true, *see e.g.*, ECF No. 94 at 6:3-10 (Miles Clark failing to respond to question from Magistrate Judge Koppe: "And is there any legal authority that your client can avoid the scrutiny of a deposition by producing a declaration disputing the facts -- the very facts that would be explored at that deposition?"); ECF No. 180 at 9:13-14 ("Haines & Krieger also argues repeatedly that discovery into whether it acted as a credit repair organization is improper because it denies being one. The Court has heard several variations of this argument from Haines & Krieger and has already rejected it . . .The entire premise of Haines & Krieger's argument is faulty.").

Most glaring, and most troubling, has been H&K's repeated misrepresentations, advanced through counsel and made in signed filings to the Court, that it did not receive any compensation related to the sending of disputes and the resulting litigation. *See*, e.g., ECF No. 106 at 5:1-11 ("H&K's 30(b)(6) testified that it '**doesn't receive fees, charge fees, receive compensation, charge, or anything else, receive money, for sending dispute letters**.'")(emphasis original); ECF No. 119 at 2:19-20 ("*H&K never receives any money or other valuable consideration for assisting consumers with their disputes with Experian's reporting about them.*")(emphasis original); ECF No. 137 at 5:1-11 ("This testimony foreclosed any lingering basis for more discovery that will only reveal the same answers."). Once H&K was finally forced to produce documents, these documents revealed exactly what Experian had suspected: H&K received its compensation by way of recovering its fees through settlements in the litigation that resulted after H&K sent dispute letters. Plaintiff's own retention agreement is telling. In it, Plaintiff acknowledged "[redacted]

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

[REDACTED]." (Hall Decl. Exhibit B at 2) (emphasis original). The agreement acknowledged that H&K "[REDACTED]" *Id.* The agreement also acknowledged that [REDACTED]" *Id.* In short, the truth was always as Experian suspected, and contrary to H&K's repeated representations to the Court, advanced by Messrs. Krieger, Clark, and Knepper. These misleading (if not outright false) statements are independently sanctionable under Federal Rule 11 and 28 U.S.C. § 1927 and warrant sanctions here.

The significant cost Experian has had to incur simply to uncover the truth in this case was unnecessary, as were the many hours the Court has had to contend with this issue. The Court should award Experian the costs incurred related to all of its briefing of these issues as well as the two-day evidentiary hearing. The record makes clear that, until forced to testify with Judge Koppe present, H&K intended to stick to its misrepresentations about the nature of its business and the burdens of complying with Experian's subpoenas. The monetary sanctions Experian seeks are appropriate given the level of dishonesty and lack of candor the record demonstrates. Worse, it seems as though H&K and its lawyers continue to believe they have done nothing wrong, as their only offer of compromise required a denial of any liability for their actions. *See* Ex. A at 1.

**CONCLUSION**

For the above stated reasons, the Court should enter an order sanctioning David Krieger, Miles Clark, and Matthew Knepper and requiring them to pay Experian its reasonable costs and fees for the November 1, 2018 deposition of Laura Ferranti, Experian's Motions to Compel, including the evidentiary hearing conducted as a part of Experian's Motion. The Court should also award Experian its reasonable costs and fees for this Renewed Motion and any subsequent fee-petition.



NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

In its Order granting Experian's Motion for reconsideration, the Court asked Experian to "quantify" the sanctions it seeks. Experian has thus begun the process of collecting the documents and information required for a fee petition.[2] Based on its initial review, Experian estimates that its attorneys expended approximately 440 hours related to the issues discussed in this Motion, and that Experian has incurred costs and fees in excess of $265,000. Once the Court has found that Experian is entitled to compensatory sanctions, and for what misconduct, Experian will complete this filing.

JONES DAY

By: */s/ Jennifer L. Braster*
Adam W. Wiers (*pro hac vice*)
Christopher A. Hall (*pro hac vice*)
77 W. Wacker Ave.
Chicago, IL 60601

Jennifer L. Braster
Nevada Bar No. 9982
Andrew J. Sharples
Nevada Bar No. 12866
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Defendant Experian Information Solutions, Inc.*

[2] It was not clear if the Court was asking Experian to provide a fee petition or memorandum of fees and costs akin to LR 54-14 Motion as the sanctions have not yet been granted. If the Court grants Experian's motion for sanctions for the work performed on the categories quantified above, Experian will provide such memorandum. To the extent the Court would like Experian to supplement this Motion with such information now, prior to ruling on Experian's Motion, Experian will gladly do so.

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 9th day of April, 2021, I caused the above document to be filed with the Court's CM/ECF system which will effectuate service on all counsel of record.

/s/ Jennifer L. Braster
An Employee of NAYLOR & BRASTER

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000