Jennifer L. Braster
Nevada Bar No. 9982
Andrew J. Sharples
Nevada Bar No. 12866
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(T) (702) 420-7000
(F) (702) 420-7001
jbraster@naylorandbrasterlaw.com
asharples@naylorandbrasterlaw.com

Adam W. Wiers (*pro hac vice*)
Christopher A. Hall (*pro hac vice*)
Jones Day
77 W. Wacker Ave.
Chicago, IL 60601

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS A. CARDINALI,<br><br>　　Plaintiff,<br><br>v.<br><br>PLUSFOUR, INC; RC WILLEY HOME FURNISHINGS; WEBBANK/DELL FINANCIAL SERVICES; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　Defendants. | Case No. 2:16-cv-02046-JAD-NJK<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR SANCTIONS** |

Attorneys Miles Clark, Matthew Knepper, and David Krieger's (collectively "Respondents") Response to Experian's Renewed Motion for Sanctions is unfortunate and disappointing. Instructed by this Court not to engage in a tit-for-tat recitation, they chose to do exactly that. Against a record finding that they coached witnesses, submitted dishonest declarations, engaged in conduct that was "troubling and wrong," ECF No. 157 at 1:27, and described by this Court as "redolent of obfuscation," ECF No 167 at 167 at 3:13, Respondents insist they did no wrong. Respondents entirely miss the point of Experian's Motion: contrary to their legal and ethical obligations to be honest with opposing counsel and the Court, they went to extreme lengths to hide the truth of Haines & Krieger, LLC's relationship with Plaintiff in this case. This obfuscation has been costly. It has forced this Court to address meritless objections, forced Judge Koppe to devote two days to an evidentiary hearing simply to get straight answers, and, unsurprisingly, caused Experian to incur significant additional costs simply to obtain rightful discovery.

The Court has ample authority to sanction this grave misconduct. Put simply, Respondents should have known better. They are each experienced attorneys, some of whom had the benefit of clerking for this Court. Respondents offer no explanation for their bad-faith conduct. While graver, punitive sanctions are almost certainly warranted, Experian seeks only to recover the additional reasonable cost caused by the issues raised in its Motion.

Mindful of the Court's request not to engage in a tit-for-tat exchange, Experian trusts that the Court is well-familiar with the misconduct and will limit its Reply to addressing the substance of the Response.

## ARGUMENT

There is no question that the Court has authority to issue sanctions here. Rule 30(d)(2) plainly authorizes sanctions against any person who "impedes, delays, or frustrates the fair examination of the deponent." It is well-established that improper objections or "objections that result in an incomplete answer or in the witness's adoption of counsel's statement" are sanctionable. *See Luangisa v. Interface Operations*, No. 2:11-CV-00951-RCJ, 2011 WL 6029880, at *11 (D.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

1 of 6

Nev. Dec. 5, 2011). Likewise, 28 U.S.C. § 1927, authorizes the court to impose sanctions when an attorney has "recklessly or intentionally misled the court" or when "the attorneys recklessly raised a frivolous argument." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010)(citations omitted). Were these sources not enough, the Court has inherent authority to sanction attorneys practicing before it "for conduct which abuses the judicial process" including requiring "a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, (2017)(quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45(1991)).

First, Respondents take issue with the fact that Experian has not, in their view, adequately "quantified" the amount of sanctions it seeks. ECF No. 226 at 1. This cart-before-horse response ignores the fact that the Court has not yet determined that Experian is entitled to *any* monetary sanction, let alone detailed the specific events at issue so that Experian can submit an appropriate motion for attorney's fees that includes invoices, declarations, and analysis of a lodestar calculation, and the like. *See, e.g.*, L.R. 54-14; It also ignores the fact that, should the Court's request that Experian "quantify" its sanctions request by submitting this information, Experian could do so in short order. *See* ECF No. 222 at 9:25-28. Experian did not want to burden the Court with details on time entries, invoices, and the like, for entries that the Court may decide are not subject to sanctions.

Second, Respondents attempt to defend their conduct, before, during, and after, the November 1, 2018 deposition of Laura Ferranti, Haines & Krieger, LLC's designee by mischaracterizing Experian's claim. *See* ECF No. 226 at 8-11 ("Experian wants to be paid for the Ferranti Deposition on the false premise that the Responding Parties should have prepared Ferranti to testify in response to questions well outside the scope of its amended deposition subpoena."). Experian does not seek sanctions because Ms. Ferranti was not adequately prepared to testify on the noticed topics. Rather, as the Court knows, the sanctionable conduct was Miles Clark's repeated coaching of Ms. Ferranti through the use of call-and-response objections and the blatant perjury that resulted. *See, e.g.*, ECF No. 190 at 7:7-17 (detailing the hundreds of objections and

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

rote responses); ECF No. 130 at 12:18-27 (detailing contradictory statements subsequently made by Ms. Ferranti.). It was this conduct that Judge Koppe called "troubling and wrong" and that this Court called "redolent of obfuscation." Inexplicably, Respondents laud this conduct, claiming "Clark's advocacy was zealous." Encouraging dishonest testimony and obstructing fair discovery is not zealous advocacy. Rather, as this Court has already found "attorney and deponent misconduct is rife in the transcript." ECF No. 167 at 3:9-12.

Third, Respondents' attempt to re-litigate Haines and Krieger, LLC's ("H&K") status as a credit repair organization in order to cast aspersions on Experian's attempts to obtain relevant discovery is an obvious attempt to distract the Court. *See* ECF No. 226 at 7-16.[1] Judge Koppe has repeatedly explained that this argument is meritless:

> The Court has heard several variations of this argument from Haines & Krieger and has already rejected it. The entire premise of Haines & Krieger's argument is faulty. Haines & Krieger cannot stonewall discovery into whether it acted as a credit repair organization by denying that it acted as a credit repair organization. Discovery is the very process by which Experian can gather evidence to test that denial.

ECF No. 180 at 9:16-10:3.

Whether the now-defunct H&K is a credit repair organization is not the point of Experian's Motion. Instead, the point is that this issue and the discovery related to it was plainly relevant to Experian's defense in this case and should have been litigated on the merits. It should not have resulted in the tortured proceedings caused by Respondents repeated obfuscation, baseless objections, and frivolous filings.

Finally, Respondents' complaint that Experian has failed to demonstrate but-for causation

---

[1] It is now clear that H&K was operating a credit repair organization *qua* law firm in which consumers who H&K authored dispute letters for, would file follow-on suits with the "primary purpose of . . . remov[ing] inaccurate, incomplete and or incorrect derogatory credit information from [the consumer's] credit report." ECF No. 222-3 (quoting the agreement between Plaintiff and H&K)(under seal, however, H&K has since permitted the unsealing of the Cardinali Retainer, ECF No. 225). In turn, the consumer acknowledged that H&K "would not accept representation of [the consumer] absent [H&K]'s ability to negotiate a settlement award that includes the payment of attorney's fees and cost." Id. This plainly establishes that H&K "provide[d] . . . service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving any consumer's credit record, credit history, or credit rating . . . ." 15 U.S.C. § 1679(a)(3)(defining credit repair organization).

1   is belied by Experian's Motion and the record. *See* ECF No. 222 at 20:22-23. It is true the
2   compensatory sanctions Experian seeks is limited to compensating it for the time and costs
3   Experian incurred that were caused by the sanctionable conduct. *See Goodyear*, 137 S. Ct. at 1187.
4   But, as Experian explained, it has incurred significant costs in the delays caused solely by the
5   sanctionable misconduct. Once Judge Koppe denied H&K's motion to quash, it was clear that the
6   discovery Experian was seeking was relevant to the claims in this case. By engaging in the
7   misconduct at the November 1, 2019 deposition, filing declarations that contradicted sworn
8   testimony, and filing meritless objections and motions, Respondents, forced Experian to re-depose
9   another designee and forced Magistrate Koppe to conduct a two-day evidentiary hearing simply to
10  get honest answers and avoid further misconduct. *See* ECF No. 180 at 5-6 (explaining the
11  justification for holding the evidentiary hearing by reference to Ms. Ferranti's "evasive and
12  ridiculous answers" and contradictory declarations and concluding "Experian's skepticism was
13  well founded and the record supported holding an evidentiary hearing at which it could test the
14  factual basis for Haines & Krieger's positions in opposing discovery."). All of this waste could
15  have been avoided by reasonable and ethical behavior by Respondents.

16                          **********************************

17       The unfortunate path the issues presented in Experian's Renewed Motion for Sanctions has
18  taken seems to have been determined by Respondents once Experian served subpoenas on H&K.
19  Rather than meet-and-confer in good faith in an effort to narrow the discovery burdens on H&K,
20  Respondents insisted on total-war, resulting in a failed motion to quash and overruled objections.
21  Having lost once, rather than providing honest and fulsome testimony, Respondents chose to
22  present a witness coached to parrot the party-line and give ridiculous and evasive answers
23  otherwise. Once that conduct had been roundly condemned by the Court, rather than reconsidering
24  their approach, Respondents dug-deeper, offering dishonest declarations in an effort to mislead the
25  Judge Koppe, forcing her to require in-person testimony to get the truth. In short, for reasons
26  known only to the Respondents, they chose to engage in a scorched-earth campaign designed to
27  extract a pound of flesh from Experian because it had the temerity to seek facts relevant to its
28

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

4 of 6

defenses in a putative nationwide class action. Respondents strayed far beyond the bounds of reasonable behavior, ethical conduct, and zealous advocacy, and into the realm of troubling, wrong, and vexatious obfuscation. These calculated choices by Respondents have very real and costly consequences.

The Court should grant Experian's Motion, sanctioning Respondents, and awarding Experian its costs for the November 1, 2018 deposition of Laura Ferranti, and the costs for Experian's Motion to Compel H&K's compliance, including the evidentiary hearing held by Judge Koppe. The exact amount of these compensatory sanctions should be decided once the Court confirms that Experian is entitled to sanctions for these events and directs Experian to submit evidence of the costs and fees incurred, as well as an analysis of the lodestar calculation used to analyze these issues.

Dated this 30th day of April 2021.

JONES DAY

By: */s/ Jennifer L. Braster*
Adam W. Wiers (*pro hac vice*)
Christopher A. Hall (*pro hac vice*)
77 W. Wacker Ave.
Chicago, IL 60601

Jennifer L. Braster
Nevada Bar No. 9982
Andrew J. Sharples
Nevada Bar No. 12866
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Defendant Experian Information Solutions, Inc.*

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(702) 420-7000

5 of 6

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of NAYLOR & BRASTER and that on this 30th day of April 2021, I caused the document **EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION FOR SANCTIONS** to be served through the Court's CM/ECF system to those persons designated by the parties.

/s/ Jennifer L. Braster
An Employee of NAYLOR & BRASTER